IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

-v-

ESTATE OF MARY J. JACOBSON
C/O MICHAEL J. JACOBSON
4373 E. FRONTIER DRIVE
BLASDELL, NY 14219


UNKNOWN HEIRS OF MARY J. JACOBSON, DEC'D
(DOD 10/15/2022)


        Defendants.

CIVIL NO.: _____
FILED: _____

---

## COMPLAINT – ACTION TO FORECLOSE A MORTGAGE

The United States of America, a Sovereign, by Thomas L. Sooy, Attorney for the Plaintiff, complains and alleges as follows:

1. This Court has jurisdiction under the provisions of Title 28, United States Code, Section 1345.

2. On or about June 11, 2009, Mary J. Jacobson executed an Adjustable Rate Note in conjunction with a Home Equity Conversion Loan in which she promised to pay to the order of the lender, M & T Bank, all loan advances made up to a maximum principal amount of $144,000.00 plus interest at the rate of 3.071% per annum in specified monthly installments on the following described real estate in Erie County, New York:

**ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Hamburg, County of Erie and State of New York being part of Lot No. 438, Township 10, Range 7 of the Buffalo Creek Reservation and according to a map filed in the Erie County Clerk's Office under Cover 1983 is distinguished as Subdivision Lot 29.**

A true and accurate copy of the Adjustable Rate Note is attached as **Exhibit A.**

3. In order to secure the payment of the indebtedness on the Adjustable Rate Note, Mary J. Jacobson did execute, acknowledge and deliver to the lender, M & T Bank, a Home Equity Conversion Reverse Mortgage dated June 11, 2009, a true copy of which is attached hereto as **Exhibit B.**

4. The Mortgage was duly recorded on June 16, 2009 in the Erie County Clerk's Office as Liber 13451 at Page 1960.

5. On or about June 11, 2009, the Home Equity Conversion Reverse Mortgage was assigned from M & T Bank to Sun West Mortgage Company, Inc. A true and accurate copy of the Assignment is attached hereto as **Exhibit C.**

6. The Sun West Mortgage Company, Inc. Assignment of Mortgage was duly recorded on September 21, 2009 in the Erie County Clerk's Office as Liber 13465 at Page 7767.

7. On or about April 29, 2015, the Home Equity Conversion Reverse Mortgage was assigned from Sun West Mortgage Company, Inc. to Reverse Mortgage Funding, LLC A true and accurate copy of the Assignment is attached hereto as **Exhibit D.**

8. The Reverse Mortgage Funding, LLC Assignment of Mortgage was duly recorded on August 18, 2015 in the Erie County Clerk's Office as Liber 13734 at Page 649.

9. On or about May 4, 2018, the Home Equity Conversion Reverse Mortgage was assigned from Reverse Mortgage Funding, LLC to the United States Secretary of Housing and Urban Development (hereinafter 'HUD') A true and accurate copy of the Assignment is attached hereto as **Exhibit E.**

10. The HUD Assignment of Mortgage was duly recorded on June 11, 2018 in the Erie County Clerk's Office as Liber 13853 at Page 4704.

11. On or about June 11, 2009, Mary J. Jacobson executed an Adjustable Rate Second Note in conjunction with a Home Equity Conversion Loan in which she agreed to pay to the lender, HUD, all advances made up to a maximum principal amount of $144,000.00, plus interest at the rate of 3.071% per annum in specified monthly installments on the aforementioned real property. A true and accurate copy of the Adjustable Rate Second Note is attached as **Exhibit F.**

12. In order to secure the payment of the indebtedness on the Adjustable Rate Second Note, Mary J. Jacobson did execute, acknowledge and deliver to the lender, HUD, a Home Equity Conversion Second Reverse Mortgage dated June 11, 2009, a true and accurate copy of which is attached as **Exhibit G.**

13. The Mortgage was duly recorded on June 16, 2009 in the Erie County Clerk's Office as Liber 13451 at Page 1971.

14. Plaintiff, the United States Secretary of Housing and Urban Development, is now the owner and holder of the Adjustable Rate Note; Adjustable Rate Second Note; Home Equity Conversion Reverse Mortgage; and Home Equity Conversion Second Reverse Mortgage.

15. Upon information and belief, Mary J. Jacobson died on October 15, 2022. As a result, the Home Equity Conversion Mortgages are in a default status as the borrower has died and the property is not the principal residence of at least one surviving borrower. A true and accurate copy of the Acceleration Letter is attached hereto as **Exhibit H.**

16. By reason of the defaults described herein, HUD has elected to accelerate the security instrument obligation.

17. There is now justly due and payable to HUD, as of September 30, 2024, on the Adjustable Rate Note; Adjustable Rate Second Note; Home Equity Conversion Mortgage; and Home Equity Conversion Second Mortgage the following sums:

| | |
|---|---|
| Unpaid Principal (Note) | $64,819.14 |
| Unpaid Interest (Note) | $58,816.43 |
| Contractual Service Charge | $5,520.00 |
| Mortgage Insurance Premium | $8,912.15 |
| Total | **$138,067.72** |

A true and accurate copy of the Statement of Account is attached as **Exhibit I.**

18. Upon information and belief, HUD may be compelled to make additional advances for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to HUD at this time. Nevertheless, HUD seeks recovery thereof and therefore, together with interest thereon.

19. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Adjustable Rate Note; Adjustable Rate Second Note; Home Equity Conversion Reverse Mortgage; and Home Equity Conversion Second Reverse Mortgage, or any part thereof.

20. Upon information and belief, the provisions of Banking Law Section 595-a, and any rules and regulations promulgated thereunder; Banking Law Sections 6-l and 6-m and RPAPL Section 1302 (1); RPAPL Section 1304 and RPAPL Section 1306 are not applicable to the mortgage loan(s) that is the subject of this proceeding.

21. Upon information and belief, Defendants, the Estate of Mary J. Jacobson; and the Unknown Heirs of Mary J. Jacobson (if any) may have, or claim to have, an interest in the real property located at 4373 East Frontier Dr. Blasdell, NY 14219 that is the subject of this action.

WHEREFORE, Plaintiff demands judgment:
    a. That the Defendants, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or

encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

b. That the premises may be decreed to be sold according to law;

c. That the amount due to the Plaintiff on the Adjustable Rate Note; Adjustable Rate Second Note; Home Equity Conversion Reverse Mortgage; and Home Equity Conversion Second Reverse Mortgage may be adjudged;

d. That the moneys arising from the sale may be brought into Court;

e. That the Plaintiff may be paid the amount adjudged to be due to the Plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

f. And that the Plaintiff may have such other and further relief as may be just and equitable.

Respectfully submitted,

By: _____
THOMAS L. SOOY (NY Bar # 5640198)
Private Counsel, United States Department of Justice
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229
PH: (614) 674-6853
Fax: (614) 674-6864
Email: Thomas.sooy@usdoj.gov
*Attorney for Plaintiff*

Date: 9-30-24

## VERIFICATION

STATE OF OHIO            )

COUNTY OF FRANKLIN       )

Thomas L. Sooy, being duly sworn, deposes and says:

1. I am an Attorney duly admitted to practice in the Federal Courts of the Western District of the State of New York and have read the foregoing Complaint.

2. The allegations of the Complaint are true, except those matters alleged-on information and belief, and those matters I believe to be true. The grounds of my knowledge and the sources of my information and belief are records of the United State Secretary of Housing and Urban Development, and public records.

3. This verification is made by me and not by Plaintiff because the United States of America is a sovereign.

Thomas L. Sooy, Esq. (NY Bar # 5640198)

Sworn to before me, this
30th day of September, 2024.

Notary Public

Lynne Warner-Steed
Notary Public, State of Ohio
My Commission Expires 08-28-2027

## NOTICE

## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to the Federal Government will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF AND FILING THE ANSWER WITH THE COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO.: _____ |
| | FILED: _____ |
| Plaintiff, | |
| -v- | |
| ESTATE OF MARY J. JACOBSON<br>C/O MICHAEL J. JACOBSON<br>4373 E. FRONTIER DRIVE<br>BLASDELL, NY 14219 | |
| UNKNOWN HEIRS OF MARY J. JACOBSON, DEC'D<br>(DOD 10/15/2022) | |
| Defendants. | |

## **CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B**

Thomas L. Sooy, Esq., pursuant to CPLR §3012-2 and under penalties of perjury, affirms as follows:

1. I am an attorney at law duly licensed to practice in the State of New York, and am affiliated with the law firm The Law Offices of Robert A. Schuerger Co., LPA, Private Counsel to the United States Department of Justice, attorney for plaintiff in this foreclosure action.

2. Upon information and belief, the provisions of Banking Law Section 595-a, and any rules and regulations promulgated thereunder; Banking Law Sections 6-l and 6-m and RPAPL Section 1302 (1); RPAPL Section 1304 and RPAPL Section 1306 are not applicable to the mortgage loan(s) that is the subject of this proceeding. Further, upon information and belief the property subject to this foreclosure is occupied.

3. I have reviewed the facts of this case and reviewed the pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by defendant, all instruments of assignment (if any), and all other instruments of indebtedness including any modification, extension, and consolidation.

4. I have consulted with the following representative of plaintiff:

Michael Pompa
Mortgage Housing Specialist
US Department of Housing and Urban Development

5. Upon this review and consultation, to the best of my knowledge, information, and belief, I certify that there is a reasonable basis for the commencement of this action, and that plaintiff is the creditor entitled to enforce rights under these documents.

6. I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200 and 22 NYCRR Part 130).

Dated: 9-30-24

*[signature]*

Thomas L. Sooy, Esq. (NY Bar # 5640198)
Private Counsel, United States Department of Justice
The Law Offices of Robert A. Schuerger Co., LPA
1001 Kingsmill Parkway
Columbus, OH 43229